IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACKJACK EXPRESS, INC., an Illinois entity, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONSTER EXPRESS, INC., a New Jersey )<br>entity; FINE TRANSPORT, INC., a New )<br>Jersey entity and JOHANSEN FREIGHT )<br>INTERNATIONAL, d/b/a EXPRESS )<br>FREIGHT SYSTEM, a California entity, )<br>)<br>Defendants. ) | Case No.: 08 cv 1510<br><br>Judge Andersen<br><br>Magistrate Judge Valdez |

## JOINT STATUS REPORT

Plaintiff, BLACKJACK EXPRESS, INC. (herein "BLACKJACK"), by its attorneys, JOHN F. HORVATH, DUANE C. WEAVER and RENATA M. KOLEDA of HORVATH & WEAVER, P.C., and defendant JOHANSEN FREIGHT INTERNATIONAL d/b/a EXPRESS FREIGHT SYSTEM (herein "EXPRESS"), by its attorneys BRUCE C. SPITZER and CHRISTOPHER A. KREID of METGE, SPITZER & KREID, hereby submit the following as their Joint[1] Status Report:

1. Summary of Claims Asserted in the Complaint

In its Complaint, a copy of which is attached as Exhibit A hereto, BLACKJACK asserts claims under the Carmack Amendment, 49 U.S.C. §14706, against both MONSTER EXPRESS, INC. (herein "MONSTER") and FINE TRANSPORTATION, INC. (herein "FINE") for their failure to deliver an interstate shipment from Millington, Tennessee to the intended consignee in

---

[1] As of the date of submission of this Joint Status Report, defendants MONSTER EXPRESS, INC. and FINE TRANSPORT, INC. have not appeared despite having been served on April 22, 2008 and May 7, 2008 respectively and, therefore, are not parties to this Joint Status Report.

Jonestown, Pennsylvania (the November 30, 2007 Shipment) in the same good order, condition as the shipment was received.

BLACKJACK asserts two claims against defendant EXPRESS. The first asserted claim is for breach of contract, based upon EXPRESS' failure to pay BLACKJACK $331,190.00 in fees for the brokerage of at least 120 shipments for the account of EXPRESS or EXPRESS' customers ("Subject Shipments"). The second claim is for account stated, based upon an Invoice/Statement of Account sent to EXPRESS for $331,190.00 in fees for the brokerage of the Subject Shipments, to which EXPRESS never objected and failed to pay.

2. <u>Statement of Relief Sought</u>

BLACKJACK is seeking an award of no less than $600,000.00, the value of the November 30, 2007 Shipment as claimed by EXPRESS' customer, from MONSTER and/or FINE, pursuant to the Carmack Amendment, in addition to prejudgment interest and costs allowable by law.

BLACKJACK is seeking an award of no less than $331,190.00 from EXPRESS, representing the amounts EXPRESS agreed to pay BLACKJACK for the services BLACKJACK provided in relation to the Subject Shipments, in addition to prejudgment interest and costs allowable by law.

3. <u>Referral</u>

Pursuant to Judge Andersen's Referral Order of June 23, 2008, a copy of which is attached as Exhibit B, this matter was referred for the purpose of holding proceedings relating to discovery supervision.

4. <u>Status of Briefing on the Matters Referred</u>

No briefing has taken place on any matters referred to the magistrate judge.

5. Discovery

There has been no discovery to date. As of the date of submission of this report, none of the defendants have filed responsive pleadings to the Complaint.[2]

As such, full discovery still needs to proceed, which is contemplated by the parties to include both written and oral discovery.

6. Consent to trial before Magistrate Judge

The parties have not yet determined whether they will consent to trial before a magistrate judge.

7. Deadlines established by district judge

The district judge did not set any dates or deadlines for discovery cut-off, submission of pretrial order or trial.

8. Settlement Status

Counsel for plaintiff has engaged in preliminary, informal settlement discussions with counsel for defendant EXPRESS. No formal settlement demands or offers have been exchanged by the parties.

BLACKJACK EXPRESS, INC.

By: /s/ Duane C. Weaver
    Duane C. Weaver
    Horvath & Weaver, P.C.
    10 S. LaSalle Street, Suite 1400
    Chicago, Illinois 60603
    (312) 419-6600
    ARDC No. 6194781

JOHANSEN FREIGHT INTERNATIONAL, d/b/a EXPRESS FREIGHT SYSTEM

By: /s/ Bruce C. Spitzer
    Bruce C. Spitzer
    Metge, Spitzer & Kreid
    30 W. Monroe Street, Suite 630
    Chicago, IL 60603
    (312) 580-1710
    ARDC No. 2691604

---

[2] MONSTER's responsive pleading was due on or about May 12 2008; FINE's responsive pleading was due on or about May 27, 2008; and EXPRESS' responsive pleading was due on or about April 23, 2008.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2008, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Bruce C. Spitzer
Christopher A. Kreid
Metge, Spitzer & Kreid
30 W. Monroe Street, Suite 630
Chicago, IL 60603

/s/ Duane C. Weaver

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACKJACK EXPRESS, INC., an Illinois entity, | ) ) ) |
| Plaintiff, | ) ) Case No.: |
| v. | ) Judge: ) Magistrate Judge: ) 08cv1510 |
| MONSTER EXPRESS, INC., a New Jersey entity; FINE TRANSPORT, INC., a New Jersey entity and JOHANSEN FREIGHT INTERNATIONAL, d/b/a EXPRESS FREIGHT SYSTEM, a California entity, | ) FILED: 03/13/08 AEE ) JUDGE ANDERSEN ) MAG. JUDGE VALDEZ ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, BLACKJACK EXPRESS, INC. (herein "BLACKJACK"), by its attorneys JOHN F. HORVATH, DUANE C. WEAVER and RENATA M. KOLEDA of HORVATH & WEAVER, P.C. for its Complaint against MONSTER EXPRESS, INC. (herein "MONSTER"), FINE TRANSPORT, INC. (herein "FINE") and JOHANSEN FREIGHT INTERNATIONAL d/b/a EXPRESS FREIGHT SYSTEM (herein "EXPRESS"), states as follows:

### I.
### JURISDICTIONAL STATEMENT

Plaintiff, BLACKJACK, brings this lawsuit pursuant to 49 U.S.C. § 14706 (the Carmack Amendment) against defendants MONSTER and FINE alleging that defendants were, at all times relevant, interstate motor carriers in relation to the subject goods. Both MONSTER and FINE were granted authority by the United States Department of Transportation Federal Motor Carrier Safety Administration to operate in the 48



contiguous states, including Illinois. Consequently, the Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

Additionally, this Court also has jurisdiction as to BLACKJACK's claims against MONSTER and FINE pursuant to 28 U.S.C. § 1337 as this matter involves interstate commerce and the matter in controversy for the shipment transported under a bill of lading exceeds $10,000, exclusive of interest and costs.

This Court has jurisdiction as to this lawsuit and BLACKJACK's claims against defendant EXPRESS pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction) since BLACKJACK's claims against EXPRESS are related to BLACKJACK's claims against MONSTER and FINE pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 in that it forms a part of the same case and controversy.

## II.
## VENUE

Venue is proper pursuant to 49 U.S.C. § 14706(d)(1) as to defendants MONSTER and FINE since MONSTER and/or FINE entered into an agreement to act as the delivering carrier of the subject goods and MONSTER and FINE are authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to operate in Illinois and do operate in Illinois and MONSTER and FINE have agents in Illinois whose purpose is to accept service of process in Illinois on their behalf.

Additionally, on information and belief, venue is proper against defendants MONSTER, FINE and EXPRESS pursuant to 735 ILCS 5/2-209(1) since all of the defendants have transacted and continue to transact business in Illinois and within the Northern District of Illinois.

## III.

2

## FACTS COMMON TO ALL COUNTS

### A. The Blackjack – Express Relationship

1. At all times herein relevant, BLACKJACK was licensed by the FMCSA as an interstate motor carrier and a broker.

2. On information and belief EXPRESS has been licensed as an interstate contract carrier by the FMCSA since September 20, 2002.

3. On information and belief EXPRESS has been licensed by the FMCSA as an interstate common carrier since February 2, 2002.

4. On information and belief EXPRESS was licensed by the FMCSA as a household goods broker on July 27, 1995 but that the FMCSA revoked EXPRESS' license to act as a household goods broker on May 3, 2006.

5. On information and belief, at all times relevant, EXPRESS has not been authorized or licensed by the FMCSA as a broker.

6. Between on or about September 20, 2007 and on or about January 23, 2008 BLACKJACK, acting in its capacity and FMCSA authority as a broker, received at least 120 requests from EXPRESS for BLACKJACK to retain a carrier to provide pick-up and delivery services of goods for the account of EXPRESS and/or EXPRESS customers (the "Subject Shipments").

7. At least six of the Subject Shipments involved pick-ups and/or deliveries within Cook, DuPage, Lake and/or Will County in Illinois.

8. In relation to each shipment comprising the Subject Shipments, EXPRESS and BLACKJACK agreed on a fee EXPRESS would pay to BLACKJACK for arranging for a carrier to provide pick-up and delivery services.

9. In relation to each shipment that was received by carriers selected by BLACKJACK, BLACKJACK provided EXPRESS with an Invoice identifying the amount due to BLACKJACK from EXPRESS and/or EXPRESS' customers for BLACKJACK's services.

10. Although all but one of the Subject Shipments for which BLACKJACK, as a broker, has been picked up and delivered to EXPRESS' and/or EXPRESS customers' consignees, EXPRESS has refused to pay BLACKJACK the fees BLACKJACK is entitled to for the Subject Shipment.

11. BLACKJACK has paid each of the carriers who handled the Subject Shipment.

### B. The November 30, 2007 Shipment

12. On November 30, 2007 EXPRESS requested that BLACKJACK locate a carrier to pick up a shipment in Millington, Tennessee for the account of EXPRESS and/or EXPRESS' customer and to deliver the shipment to a consignee in Jonestown, Pennsylvania.

13. Although it was the custom and practice for EXPRESS to provide BLACKJACK with a Load Confirmation Sheet, EXPRESS did not provide BLACKJACK with a Load Confirmation Sheet for the November 30, 2007 shipment but nonetheless requested that BLACKJACK arrange for a carrier to pick up the second.

14. As to the November 30, 2007 shipment, EXPRESS advised BLACKJACK that EXPRESS would provide BLACKJACK with the B/L number for the carrier's use as a pickup number so that the carrier could receive the shipment.

15. On November 30, 2007 BLACKJACK contacted MONSTER and

MONSTER agreed to pick up the November 30, 2007 shipment at Millington, Tennessee for the account of BLACKJACK and deliver it to Jonestown, Pennsylvania.

16.    On November 30, 2007, without BLACKJACK's knowledge, consent and/or authority, MONSTER did not pick up the November 30, 2007 shipment but hired defendant FINE to pick up and deliver the November 30, 2007 shipment.

17.    On or after December 3, 2007, EXPRESS advised BLACKJACK that a carrier had picked up the November 30, 2007 shipment at Millington, Tennessee but failed to deliver that shipment to the consignee in Jonestown, Pennsylvania.

18.    On information and belief FINE picked up the November 30, 2007 shipment at Millington, Tennessee and subsequently reported the shipment it received in Millington, Tennessee had been stolen.

19.    On December 3, 2007, EXPRESS sent BLACKJACK a Load Confirmation Sheet for B/L# L4315 which Load Conformation Sheet EXPRESS alleges relate to the November 30, 2007 shipment. A copy of the Load Confirmation Sheet for B/L# L4315 is attached as Exhibit "A" hereto.

20.    EXPRESS has alleged to BLACKJACK that the November 30, 2007 shipment had a value in excess of $600,000.00 and has made a demand upon BLACKJACK for that amount.

21.    BLACKJACK has denied and continues to deny that it is liable to EXPRESS for any loss whatsoever in relation to the November 30, 2007 shipment.

22.    Using the alleged loss of the November 30, 2007 shipment as an excuse, EXPRESS has wrongfully withheld payment of $331,190.00 to BLACKJACK for all of the Subject Shipments for which BLACKJACK arranged and compensated carriers

between on or about September 20, 2007 and on or about January 27, 2008 for the account of EXPRESS and/or EXPRESS' customers.

23.   BLACKJACK has made a demand upon EXPRESS to pay BLACKJACK $331,190.00, the agreed aggregate fees for the Subject Shipments, but EXPRESS has wrongfully refused to pay BLACKJACK for any of the Subject Shipments.

## COUNT I.
### MONSTER EXPRESS, INC.
### (Carmack Amendment Claim)

24.   BLACKJACK realleges and incorporates paragraphs 1-23 of the Complaint as paragraph 24 of the Complaint as if fully rewritten herein.

25.   As an interstate carrier that agreed to transport the November 30, 2007 shipment for the account of BLACKJACK, MONSTER owed BLACKJACK the highest degree of care in relation to that shipment.

26.   At all times relevant herein there was in effect 49 U.S.C. § 14706 (the Carmack Amendment) which provides in pertinent part as follows:

>   (a)   **General liability.-**
>
>   **(1) Motor Carriers and freight forwarders.-**A carrier providing transportation or service subject to jurisdiction under sub-chapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to

> a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

27. MONSTER had agreed to be the delivering carrier of the November 30, 2007 shipment pursuant to 49 U.S.C. § 14706(a).

28. The loss by theft of the November 30, 2007 shipment occurred while MONSTER was transporting the shipment and/or while the shipment was in the care, custody and/or control of MONSTER as the carrier that had agreed to act as the delivering carrier for the November 30, 2007 shipment.

29. Because MONSTER failed to deliver the November 30, 2007 shipment to the consignee in the same good order and condition as when FINE, the carrier nominated by MONSTER, received the shipment, MONSTER is liable to BLACKJACK pursuant to the Carmack Amendment.

WHEREFORE, plaintiff BLACKJACK EXPRESS, INC. prays for judgment against defendant MONSTER EXPRESS, INC. as follows:

a) An award of no less than $600,000.00 said amount representing the value of the November 30, 2007 shipment as alleged by EXPRESS;

b) For prejudgment interest;

c) For all costs allowable by law and;

d) For such further relief as this Court deems appropriate.

## COUNT II.

## FINE TRANSPORT, INC.
### (Carmack Amendment Claim)

30.     BLACKJACK realleges and incorporates paragraphs 1-23 and paragraph 26 of the Complaint as paragraph 30 of the Complaint as if fully rewritten herein.

31.     As an interstate carrier that agreed to deliver the November 30, 2007 shipment, FINE owed BLACKJACK the highest degree of care in relation to that shipment.

32.     FINE was the delivering carrier of the November 30, 2007 shipment pursuant to 49 U.S.C. § 14706(a).

33.     The loss by theft of the November 30, 2007 shipment occurred while FINE was transporting the shipment and/or while the shipment was in the care, custody and/or control of FINE as the delivering carrier.

34.     Because FINE failed to deliver the November 30, 2007 shipment to the consignee in the same good order and condition as when FINE received the shipment, FINE is liable to BLACKJACK pursuant to the Carmack Amendment.

WHEREFORE, plaintiff BLACKJACK EXPRESS, INC. prays for judgment against defendant FINE TRANSPORT, INC. as follows:

a)     An award of no less than $600,000.00 said amount representing the value of the November 30, 2007 shipment as alleged by EXPRESS;
b)     For prejudgment interest;
c)     For all costs allowable by law and;
d)     For such further relief as this Court deems appropriate.

## COUNT III.
### JOHANSEN FREIGHT INTERNATIONAL d/b/a EXPRESS FREIGHT SYSTEM
### (Breach of Contract)

35.     BLACKJACK realleges and incorporates paragraphs 1-23 of the

8

Complaint as paragraph 35 of the Complaint as if fully rewritten herein.

36. In failing to pay BLACKJACK the agreed $331,190.00 fees for the Subject Shipments, EXPRESS has breached the agreement between BLACKJACK and EXPRESS.

37. BLACKJACK has fully performed all of its obligations in relation to Subject Shipments.

38. As a result of the breach by EXPRESS of the BLACKJACK – EXPRESS agreement in relation to the Subject Shipments, BLACKJACK has sustained damages of $331,190.00.

WHEREFORE, plaintiff BLACKJACK EXPRESS, INC. prays for judgment against defendant EXPRESS as follows:

a) An award of no less than $331,190.00 said amount representing the amounts EXPRESS agreed to pay BLACKJACK for the services BLACKJACK provided in relation to the Subject Shipments;

b) For prejudgment interest;

c) For all costs allowable by law and;

d) For such further relief as this Court deems appropriate.

## COUNT IV.
**JOHANSEN FREIGHT INTERNATIONAL d/b/a EXPRESS FREIGHT SYSTEM**
(Account Stated)

39. BLACKJACK realleges and incorporates paragraphs 1-23 of the Complaint as paragraph 39 of the Complaint as if fully rewritten herein.

40. In relation to each of the Subject Shipments, BLACKJACK sent EXPRESS an Invoice/Statement of Account setting forth the amount EXPRESS and/or EXPRESS' customers agreed to pay BLACKJACK for the services BLACKJACK

9

provided.

41. EXPRESS received and never objected to the Invoice/Statements of Account it received from BLACKJACK in relation to each shipment for which BLACKJACK provided services for the account of EXPRESS and/or the account of EXPRESS' customers.

42. In the aggregate, the Statements of Account, BLACKJACK sent to EXPRESS which EXPRESS received, never objected to, and has failed to pay a total of $331,190.00.

WHEREFORE, plaintiff BLACKJACK EXPRESS, INC. prays for judgment against defendant EXPRESS as follows:

a) An award of no less than $331,190.00 said amount representing the amounts EXPRESS agreed to pay BLACKJACK for the services BLACKJACK provided in relation to the Subject Shipments;

b) For prejudgment interest and all statutorily allowed interest;

c) For all costs allowable by law and;

For such further relief as this Court deems appropriate.


By: /s/ Duane C. Weaver
Attorney for Plaintiff

John F. Horvath
Duane C. Weaver
Renata M. Koleda
Horvath & Weaver, P.C.
10 S. LaSalle Street, Suite 1400
Chicago, IL 60603
Telephone: 312-419-6600
Facsimile 312-419-6666

## CERTIFICATE OF SERVICE

I, Duane C. Weaver, an attorney of record, hereby certify that on March 13, 2008, a copy of the foregoing was filed electronically and notice of this filing will be served electronically to the parties listed below:

By: /s/ Duane C. Weaver
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
Eastern Division

Blackjack Express, Inc.
                    Plaintiff,

v.                                          Case No.: 1:08−cv−01510
                                          Honorable Wayne R. Andersen

Monster Express, Inc., et al.
                    Defendant.

ORDER REFERRING A CIVIL CASE TO THE
DESIGNATED MAGISTRATE JUDGE

      Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Magistrate Judge Honorable Maria Valdez for the purpose of holding proceedings related to: discovery supervision.(tsa, )Mailed notice.

Dated: June 23, 2008

                                                                          /s/ Wayne R. Andersen
                                                                    United States District Judge



EXHIBIT B